## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

### CASE NO:

CHRISTINA MASKLEY, on behalf of herself
and all others similarly situated,

       Plaintiff(s),

       v.

DOUBLE MOUNTAIN DEVELOPMENT
VENTURES, LLC, DMD RESTAURANT
GROUP, LLC and DMD FLORIDA
RESTAURANT GROUP A, LLC d/b/a
TWIN PEAKS,

       Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTINA MASKLEY ("Plaintiff") on behalf of herself and others similarly situated, files this Collective Action Complaint and Demand for Jury Trial against Defendants, DOUBLE MOUNTAIN DEVELOPMENT VENTURES, LLC ("DOUBLE MOUNTAIN"), DMD RESTAURANT GROUP, LLC ("DMD RESTAURANT GROUP"), and DMD FLORIDA RESTAURANT GROUP A, LLC, d/b/a TWIN PEAKS ("DMD FLORIDA") (collectively referred hereinafter as "Defendants"), for failure to pay federal minimum wages for certain hours worked to all Twin Peaks Girls (hereinafter "class members") as specified herein, pursuant to 29 U.S.C. § 216(b), as follows:

## INTRODUCTION

This is a Fair Labor Standards Act ("FLSA") collective action brought on behalf of "Twin Peaks Girls"[1] who work or have worked at the Twin Peaks franchise restaurant in Davie, Florida. Defendants unlawfully deprived Plaintiff, and all others similarly situated, of applicable federal minimum wages during the course of their employment within the past three (3) years. Defendants have violated the minimum wage requirements under federal law by requiring Twin Peaks Girls to purchase uniforms, jewelry, and tools of the trade out of their own pocket and then wear these uniforms each day of their employment. Defendants failed to ever reimburse the Twin Peaks Girls for the cost and upkeep of this uniform which resulted in an unlawful kickback and drove Plaintiff's and all similarly situated employees' wages below the acceptable rate during their first and subsequent weeks of employment with Defendants. Moreover, Defendants paid all Twin Peaks Girls the "tip credit" wage for all hours worked during a shift, notwithstanding that Defendants failed to provide the Twin Peaks Girls at the Davie location with sufficient notice of the tip credit. Twin Peaks Girls at the Davie location were compensated at the "tip credit" wage notwithstanding that they were required to spend more than 20% of their shifts performing non-tipped duties and responsibilities. As a result, Plaintiff, and similarly situated Twin Peaks Girls have been denied federally mandated minimum wages in one or more workweeks during their employment.

## PARTIES

1.      During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

---

[1] Defendants refer to female restaurant servers and bartenders working at Twin Peaks as "Twin Peaks Girls."

2.      Plaintiff and the class members are/were Twin Peaks Girls who worked for Defendants within the last three (3) years in Davie, Florida.

3.      Plaintiff worked as a Twin Peaks Girl for Defendants from approximately June 2019 until January 2021.

4.      The proposed class members worked for Defendants in the same/identical capacity as Plaintiff in that they were Twin Peaks Girls for Defendants during the relevant time period.

5.      Plaintiff and the proposed class members were subjected to similar violations of federal law.  Plaintiff seeks certification under 29 U.S.C. § 216(b) of the following class for failure to pay federally mandated minimum wages:

> **All Twin Peaks Girls who worked for Twin Peaks at the Davie, Florida location during the three (3) years preceding this lawsuit who were required to purchase a uniform prior to beginning their first week of employment with Defendants.**

6.      Plaintiff further seeks certification under 29 U.S.C. § 216(b) of the following additional class for failure to pay federally mandated minimum wages:

> **All Twin Peaks Girls who worked for Twin Peaks at the Davie, Florida, location during the three (3) years preceding this lawsuit who did not receive notification from Twin Peaks that a tip credit would apply to their compensation.**

7.      Plaintiff seeks certification under 29 U.S.C. 216(b) of the following additional class for failure to pay federally mandated minimum wages:

> **All Twin Peaks Girls who worked for Twin Peaks at the Davie, Florida, location during the three (3) years preceding this lawsuit who in one or more workweeks were required to spend more than 20% of their shifts performing "non-tipped" incidental duties and did not receive the full applicable minimum wage for this work.**

8.      The precise size and identity of each class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of class members could exceed 250 Servers or Twin Peaks Girls.[2]

9.      During all times material hereto, Defendant, DOUBLE MOUNTAIN, was a Florida limited liability company operating and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.

10.     On information and belief, Defendant, DOUBLE MOUNTAIN, is the managing member of DMD RESTAURANT GROUP, and controls and directs the operations of DMD RESTAURANT GROUP.

11.     During all times material hereto, DMD RESTAURANT GROUP, was a Florida limited liability company operating and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.  On information and belief, Defendant, DMD RESTAURANT GROUP, owns, manages, and operates at least five (5) Twin Peaks restaurants in the State of Florida.

12.     One of the Twin Peaks locations owned and operated by DMD RESTAURANT GROUP, is Defendant, DMD FLORIDA.

13.     Defendants, DOUBLE MOUNTAIN, DMD RESTAURANT GROUP, and DMD FLORIDA, own, operate and control the restaurant and bar located at 2000 S. University Drive, in Davie, Florida, known to the public as Twin Peaks.  A true and accurate photo of the Davie location is below:

---

[2] In addition to the Davie location, on information and belief, Defendant, DMD RESTAURANT GROUP, currently owns and operates at least 4 other locations throughout Florida with an average of roughly 50 restaurant servers or Twin Peaks Girls in each location at any given time for a total of 250 putative class members employed at any given time.



14. On information and belief, in addition to the Davie, Florida, location, Defendants DOUBLE MOUNTAIN and DMD RESTAURANT GROUP, own and operate at least four (4) other Twin Peaks restaurant locations throughout the State of Florida. Three (3) of the five (5) locations are within Broward County, Florida.

15. Defendants, DOUBLE MOUNTAIN, DMD RESTAURANT GROUP, and DMD FLORIDA, were all Plaintiff's employer during all times pertinent to the allegations herein.

16. During all times material hereto, all of the Defendants were vested with the ultimate control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the Twin Peaks Davie location during the relevant time period.

## JURISDICTION AND VENUE

17. This action is brought under 29 U.S.C. § 216(b) to recover damages from Defendants, injunctive relief, and reasonable attorney's fees and costs.

18. A substantial amount of the acts and omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

19. Defendants regularly transact business in Broward County, Florida, and jurisdiction is therefore proper.

20. Venue is also proper within Broward County, Florida.

## FLSA COVERAGE

21.     Defendant, DOUBLE MOUNTAIN, is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

22.     Defendant, DOUBLE MOUNTAIN's employees handled goods such as food, beverages, napkins, silverware, appliances, other food items, restaurant equipment, chairs, tables, vacuum cleaners, and other materials that had previously travelled through commerce.

23.     At all material times (during the last three years), Defendant, DOUBLE MOUNTAIN had an annual gross revenue in excess of $500,000.00 in 2017, 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

24.     Defendant, DMD RESTAURANT GROUP, is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

25.     Defendant, DMD RESTAURANT GROUP's employees handled goods such as food, beverages, napkins, silverware, appliances, other food items, restaurant equipment, chairs, tables, vacuum cleaners, and other materials that had previously travelled through commerce.

26.     At all material times (during the last three years), Defendant, DMD RESTAURANT GROUP had an annual gross revenue in excess of $500,000.00 in 2017, 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

27.     Defendant, DMD FLORIDA, is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

28.     Defendant, DMD FLORIDA's employees handled goods such as food, beverages, napkins, silverware, appliances, other food items, restaurant equipment, chairs, tables, vacuum cleaners, and other materials that had previously travelled through commerce.

29.     At all material times (during the last three years), Defendant, DMD FLORIDA had an annual gross revenue in excess of $500,000.00 in 2017, 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

## JOINT ENTERPRISE COVERAGE

32.     During all times material hereto, Defendants DOUBLE MOUNTAIN, DMD RESTAURANT GROUP, and DMD FLORIDA performed substantially related activities, as all corporate entities focused their operation on providing food and beverage to patrons and customers in Broward County through their ownership, operation, and control of Twin Peaks restaurants and bars.

30.     Defendants, DOUBLE MOUNTAIN, DMD RESTAURANT GROUP, and DMD FLORIDA used central management and/or common control to effectuate the business needs and goals of all entities.

31.     Moreover, Defendants, DOUBLE MOUNTAIN, DMD RESTAURANT GROUP, and DMD FLORIDA were engaged in offering substantially the same or similar food services and products to their customers.

32.     Defendants, DOUBLE MOUNTAIN, DMD RESTAURANT GROUP, and DMD FLORIDA also shared a common business purpose during all times material hereto.

33.     Defendants, DOUBLE MOUNTAIN, DMD RESTAURANT GROUP, and DMD FLORIDA shared assistance in their operations.

34.     Defendants DOUBLE MOUNTAIN, DMD RESTAURANT GROUP, and DMD FLORIDA also shared the same registered mailing address.

35.     Supervisors for DOUBLE MOUNTAIN, DMD RESAURANT GROUP, and DMD FLORIDA managed, supervised, and scheduled Twin Peaks' employees at the Davie location.

36.     Upon information and belief, the gross revenue of Defendants, DOUBLE MOUNTAIN, DMD RESTAURANT GROUP, and DMD FLORIDA, was collectively in excess of $500,000.00 in 2017, 2018, 2019, 2020 and is expected to be collectively in excess of $500,000.00 in 2021.

37.     Defendants, DOUBLE MOUNTAIN, DMD RESTAURANT GROUP, and DMD FLORIDA intermingle resources, finances, employees and supplies to provide services to their clientele in Broward County and throughout Florida.

38.     Moreover, the corporate officers of each entity, have common ownership and control over all of the Corporate Defendants.

39.     More specifically, the managing members of DOUBLE MOUNTAIN, Jack Flechner and Frederick Burgess, control and manage DMD RESTAURANT GROUP and DMD FLORIDA.

40.     Jack Flechner and Federick Burgess are the corporate officers of DOUBLE MOUNTAIN, DMD RESTAURANT GROUP, and DMD FLORIDA, and oversee the day-to-day operations of these entities.

41.     DOUBLE MOUNTAIN and DMD RESTAURANT GROUP oversee, approve, and enforce the unlawful policies adopted by DMD FLORIDA that are addressed herein.

## GENERAL ALLEGATIONS

42.     Twin Peaks is an American sports bar chain that features and promotes a mountain sports-lodge setting.

43.     Twin Peaks employs female servers and bartenders that are commonly referred to as "Twin Peaks Girls."  Defendants require their Twin Peaks Girls to wear revealing uniforms that consist of cleavage and midriff-bearing red plaid or other seasonal themed tops, as well as khaki short shorts.

44.     Defendants DOUBLE MOUNTAIN and DMD RESTAURANT GROUP operate at least five (5) Twin Peaks establishments throughout the State of Florida and create separate limited liability companies for each of these locations.

45.     One of the locations owned and operated by DOUBLE MOUNTAIN and DMD RESTAURANT GROUP is in Davie, Florida ("the Davie location").

46.     Defendants DOUBLE MOUNTAIN and DMD RESTAURANT GROUP created DMD FLORIDA to handle and administer the payroll operations at Twin Peaks at the Davie location.

47.     Defendants hired Plaintiff to work as a Twin Peaks Girl in the Davie location in approximately June 2019.

48.     Plaintiff and other Twin Peaks Girls employed at the Davie and other various Florida locations are non-exempt hourly employees under the Fair Labor Standards Act ("FLSA").

49.     During the relevant time period, Defendants required Plaintiff and the Twin Peaks Girls at the Davie location to follow personnel policies, including, but not limited to, requiring Twin Peaks Girls to comply with uniform and image standards and protocols.

50.     Under the Twin Peaks uniform and image standards and protocols, Twin Peaks Girls are required to wear the Twin Peaks-branded uniform (with accessories), as well as purchase custom-made costumes (with accessories) during designated holidays, special events and "costume parties."  Twin Peaks Girls were required to incur costs of the uniform, costumes and accessories, but did not receive reimbursement or compensation from Defendants to pay for such costs.

51.     Defendants specifically instruct Plaintiff and similarly situated Twin Peaks Girls that they cannot wear any part of the Twin Peaks Girl uniform or costume when they are not working at the restaurant.

52.     Defendants DOUBLE MOUNTAIN and DMD RESTARUARNT GROUP enforced the same Twin Peaks uniform and image standards at each of its five (5) Florida locations, including the Davie location.

53.     Defendant, DMD FLORIDA also enforced the same Twin Peaks uniform and image standards at the Davie location.

54.     Enforcement of the uniform and image standards and policies resulted in federal minimum wage violations in one or more workweeks during the relevant time period.

## COSTS INCURRED FOR UNIFORM

55.     The standard Twin Peaks Girls uniform consists of a red plaid top tied at the waist and khaki short-shorts, snow boots, rhinestone belt, and jewelry, all of which must meet strict

specifications.  Twin Peaks Girls are required to purchase all elements of this uniform except for the top, which is provided by Defendants.

56.     Defendants also require Twin Peaks Girls to wear seasonal and other themed outfits for holidays and other special occasions at least once per month.  These outfits are not street clothes that can be worn outside of work and include "sexy school girl" outfits, sexy Halloween costumes, "Santa's little helper" lingerie, and St. Patrick's Day, Mardis Gras, and other holiday-themed lingerie in prescribed colors.

57.     Defendants also require Twin Peaks Girls to purchase and wear college and professional sports themed uniforms on game days.  The t-shirts or sports jerseys must be tight and cut or torn to expose cleavage and midriffs and are not permitted to be worn outside of work. Defendants provide Twin Peaks Girls instruction on how to ensure compliance with the Twin Peaks image and uniform standards.

58.     Defendants enjoy the benefit of this uniform requirement but do not reimburse Twin Peaks Girls for the cost of purchasing required uniforms and otherwise complying with the image and costume standards, causing these expenses to come from Twin Peaks Girls' wages.

59.     Before starting their first shift as a Twin Peaks Girl, Defendants required Plaintiff and all other similarly situated individuals to purchase **snow boots** to wear as part of their required uniform and costume at the Davie location. Defendants did not provide these snow boots for Plaintiff and similarly situated Twin Peaks Girls, and *specifically* instructed Plaintiff and members of the putative class that the snow boots must comport with the following examples:



60.     Defendants required Plaintiff and members of the putative class to incur hundreds of dollars in costs to purchase the snows boots that Defendants required Twin Peaks Girls to wear as part of their uniform and costume at the Davie location.  If Plaintiff or other Twin Peaks Girls did not purchase and wear these snow boots, they were not permitted to work.  A true and accurate photo of the snow boots purchased by Plaintiff is below:



61.     During their training period, Plaintiff and similarly situated individuals at the Davie location were paid the full prevailing Florida minimum wage for each hour they worked.  However, the costs of purchasing the required uniform (including the snow boots) drove Plaintiff and similarly situated individuals' wages below the proscribed minimum rate.

62.     Plaintiff and all other similarly situated individuals at the Florida stores were also required to purchase costume jewelry and "bling sets" that they did not already own or possess. Plaintiff and all other similarly situated individuals were required to wear this jewelry on their first

shift.  Defendants specifically instructed Plaintiff and members of the putative class that costume jewelry and "bling sets" must comport with the following examples:



63.     If Plaintiff and similarly situated individuals did not own such jewelry or "bling sets," they were instructed by Defendants that they must purchase and wear the jewelry and "bling sets" in order to work.  Plaintiff and similarly situated individuals incurred hundreds of dollars of expenses for this jewelry and "bling set."  Plaintiff and similarly situated individuals were not reimbursed for the costs of this jewelry and "bling set."  The costs of this jewelry and "bling set" also drove Plaintiff and similarly situated individuals' wages below the proscribed minimum during one or more weeks of their employment.

64.     Prior to Plaintiff starting her first day of employment and training, the Defendants instructed Plaintiff to purchase a uniform which was comprised of snow boots, jewelry, plaid socks, khaki short shorts, and a rhinestone belt.  In total, Plaintiff spent hundreds of dollars purchasing her required uniform for work.

65.     During her training period in 2019, Plaintiff was paid $8.46 per hour and did not receive any tips.

66.     Defendants **never** reimbursed Plaintiff or any of the similarly situated Twin Peaks Girls for the uniforms they were instructed and required to purchase *before* beginning their employment and training at Twin Peaks.

67.     Defendants **never** reimbursed Plaintiff or any of the similarly situated TPG's for the uniforms and tools they were instructed and required to purchase *at any other point* during their employment.

68.     Plaintiff and all other similarly situated TPG's were required to wear their uniform each day of work including the training period.  If Plaintiff or any of the similarly situated TPG's ever failed to wear this uniform, they would not be permitted to work their shift.

69.     Defendants required Plaintiff and all other similarly situated TPG's to wear their uniform for the benefit of Defendants in creating and establishing a specific and unique dining and drinking experience for their clientele.

70.     In light of the regular wear and tear on their work uniforms, Plaintiff and other similarly situated individuals were required to replace parts of their uniform throughout their employment and were never reimbursed by Defendants for such costs even though Defendants retained the benefit of this uniform policy.  These costs additionally caused Plaintiff's wages to dip below the acceptable minimums in one or more workweeks during the relevant employment period.

**DEFENDANTS FAIL TO PROVIDE PLAINTIFF AND SIMILARLY SITUATED EMPLOYEES AT THE DAVIE LOCATION WITH SUFFICIENT NOTICE OF THE TIP CREDIT AND REQUIRE THESE EMPLOYEES TO SPEND IN EXCESS OF 20% OF SHIFTS PERFORMING NON-TIPPED DUTIES AND TASKS**

71.     Following the training period, Defendants paid Plaintiff and the Twin Peaks Girls at the Davie location the relevant Florida tipped minimum wage (instead of the full state minimum wage).  In doing so, the Defendants attempted to take the $3.02 tip credit that is provided under the FLSA.

72.     However, during the relevant time period, Defendants failed to provide sufficient notice to Plaintiff and the Twin Peaks Girls at the Davie location that they would be taking a tip credit under state and federal law.

73.     After successfully completing the training period, Plaintiff and all other similarly situated individuals at the Davie location would typically be scheduled to work shifts that lasted approximately five (5) to six (6) hours.

74.     In one or more workweeks of Plaintiff's employment, Defendants would instruct Plaintiff and all others similarly situated at the Davie location to spend approximately thirty (30) minutes attending a pre-shift "pep rally" meeting between management and each of the Twin Peaks Girls scheduled to work that day to discuss menu items and promotional activities.  During this time, management would also evaluate the Twin Peaks Girls based on their physical appearance and physique and apply a score for their physical appearance as part of the image standard guidelines.

75.     Plaintiff and similarly situated individuals were instructed to clock-in to receive the "tipped wage" during this "pep rally" meeting and were required to be ready to begin their shift.

76.     In multiple workweeks during the relevant employment period, Plaintiff and similarly situated Twin Peaks Girls at the Davie location, were required to perform additional work from home by participating in and completing online tutorials that were necessary in order for them to continue working for Defendants.  On average Plaintiff and members of the putative class would spend approximately 1.5 to 2 hours completing these tutorials.  Defendants knew or should have known that Plaintiff and members of the putative class were performing this work "off-the-clock" but failed to properly compensate Plaintiff and members of the putative class for the hours spent performing this work.  These duties were not tip-producing work.

77.     When considering the daily thirty (30) minute "pep rally" along with the work performed from home, during a six (6) hour shift, Plaintiff and the class members were regularly required to spend *more than* 20% of the shift performing the aforementioned "not-tipped" duties and responsibilities.

78.     After successfully completing her training period in 2019, Plaintiff was paid $5.44 for every single hour she worked during her Twin Peaks Girl server shifts.

79.     In 2020, Plaintiff was paid $5.54 for every single hour she worked during her Twin Peaks Girl server shifts.

80.     Based upon the aforementioned calculations, at least 1.5 hours out of the 6-hour shift were spent performing "non-tipped" incidental duties.  4.5 hours out of the 6-hour shift were spent performing "tipped" duties.

81.     Accordingly, 25% of Plaintiff and the class member's shifts were spent performing "non-tipped" duties and responsibilities.

82.     As a result, Plaintiff and the class members are entitled to receive the full federal minimum wage for the 1.5 hours spent each shift performing "non-tipped" incidental duties, as opposed to the reduced "wage credit" they received when performing these incidental duties.

83.     Plaintiff and the class members worked without being paid the full minimum wage for hours worked.

84.     The work performed by Plaintiff and the class members was an integral part of the business for Defendants.

85.     Defendants violated the Fair Labor Standards Act ("FLSA") by not paying Plaintiff and the putative class members, at least federal minimum wage for all hours worked.[3]

86.     Plaintiff and the class members are entitled to receive at least federal minimum wage for each hour spent performing "non-tipped" incidental work.

87.     The additional persons who may become Plaintiffs in this action are Twin Peaks Girls with positions similarly situated to Plaintiff and whom suffered from the same pay practices of not being properly paid at least federal minimum wage for each hour worked.

88.     Upon information and belief, the records, to the extent any exist, concerning the number of hours and amounts paid to Plaintiff and class members are in the possession and custody of Defendants.

89.     Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived.

## CLASS ALLEGATIONS

90.     Class members are treated equally and similarly in the Davie location that is owned and operated by Defendants, in that they were denied full and proper federal minimum wage as a

---

[3] Pursuant to 29 C.F.R. § 531.35, wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." *Id.* If an employer requires an employee to pay the costs for tools of the trade that are required for performance of work, there is a violation of the FLSA in any workweek when the costs of items purchased by the employee cuts into the minimum wages required to be paid to him under the Act. *Id.; see, also,* Montoya v. CRST Expedited, Inc., 311 F.Supp.3d 411 (D. Mass. 2018) (FLSA requires employers to pay wages free and clear, which means employers are prohibited from charging employees for expenses for the expenses would drive the employee's pay below minimum wage). Moreover, under 29 C.F.R. § 531.3, an employer may not require its employee to incur costs of purchasing a uniform when the nature of the business requires the employee to wear a uniform. *Id.; see, also,* Reich v. Priba Corp., 890 F.Supp. 586 (N.D. Tex. 1995) (Employer violated the FLSA by requiring servers to provide their own uniforms which reduced the employees' wages below the minimum wage required by the FLSA).

result of Defendants' failure to reimburse Twin Peaks Girls the costs of the uniform they were required to purchase and wear in the restaurant every single day of employment.

91.    Class members are also treated equally and similarly by Defendant at the Davie location, in that they were denied full and proper federal minimum wage based upon the Defendants' failure to provide Twin Peaks Girls the requisite tip notice under the FLSA.

92.    Class members are also treated equally and similarly by Defendants at the Davie location, in that they were denied full and proper federal minimum wage for the "non-tipped" work they performed.

93.    Defendant employed hundreds of employees who were not paid federal minimum wage for the first week of training as a result of the Defendant's failure to reimburse Twin Peaks Girls the cost of their uniform and tools – which resulted in an illegal kickback and drove each of their wages well below the federal minimum wage.

94.    Defendants employed hundreds of employees at the Davie location who were not paid federal minimum wage for the "non-tipped" work within the past three (3) years.

95.    Defendants employed hundreds of employees at the Davie location who did not receive notice that Defendants would be taking the tip credit, who were subsequently paid the tipped wage for all hours worked.

96.    Plaintiff and the class members were subject to the same policies.

97.    Plaintiff and the class members performed the same job duties at the Davie location, as Twin Peaks Girls, and were paid in an identical manner by Defendants based on Defendants failure to compensate Plaintiff and the class members when more than 20% of their shifts consisted of "non-tipped" work.

98.     Plaintiff and the class members performed the same job duties at the Davie location, as Twin Peaks Girls, and did not receive the tip notice from Defendants.

99.     Plaintiff and the class members at the Davie location owned and operated by Defendants performed the same job duties, as Twin Peaks Girls, and were paid in an identical manner by Defendants based on Defendants' failure to reimburse Plaintiff and the class members incurred costs for the uniform they were required to purchase and wear prior to beginning their first day of employment.  Defendant's failure to reimburse Twin Peaks Girls appropriately for the uniform drove the Twin Peaks Girls' applicable wages well below the federal minimum wage during one or more weeks of employment.

100.     Plaintiff and the class members were not paid proper federal minimum wage for the hours worked.

101.     Defendants failed to keep accurate time and pay records for Plaintiff and all class members to designate how much time was spent performing "non-tipped" work.

102.     Defendants were aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

103.     As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

## COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS
### Defendants' Failure to Reimburse Uniform Expenses
### to All Twin Peaks Girls Employed at the Davie Location

104.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 103 as though set forth fully herein.

105.    Defendants employed Plaintiff and similarly situated Twin Peaks Girls at the Davie location within the past three (3) years. Plaintiff and all others similarly situated Twin Peaks Girls are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendants.

106.    Defendants refused and/or failed to reimburse Plaintiff and members of the putative class for the uniform costs incurred by Twin Peaks Girls, which resulted in federal minimum wage violations in one or more workweeks during the relevant time period. Defendants enforced the uniform policy against all of the Twin Peaks Girls in the past three (3) years and therefore caused the same harm to the Twin Peaks Girls working at this location.

107.    Defendants willfully failed to pay Plaintiff and the class members the full minimum wage for one or more weeks of work contrary to the FLSA.

108.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the class members have been damaged in the loss of minimum wages for one or more weeks of work during the employment with Defendant.

109.    Defendants' willful and/or intentional violations of entitle Plaintiff and the class members to an additional amount of liquidated, or double, damages.

110.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, CHRISTINA MASKLEY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, DOUBLE MOUNTAIN DEVELOPMENT VENTURES, LLC, DMD RESTAURANT GROUP, LLC, and DMD FLORIDA RESTAURANT GROUP A, LLC, and award Plaintiff: (a) unliquidated minimum wages to be paid by the Defendants jointly and severally; (b) an equal amount of liquidated

damages to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by the Defendants jointly and severally; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## COUNT II – FEDERAL MINIMUM WAGE VIOLATIONS
### Defendants' Failure to Provide Sufficient Notice of the Tip Credit
### to Twin Peaks Girls Employed at the Davie Location

111.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 103 as though set forth fully herein.

112.    Plaintiff and all others similarly situated are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendants.

113.    Throughout Plaintiff's employment, Defendants took a tip credit in the amount of $3.02 per hour toward the federal minimum wages owed to Plaintiff and all other similarly situated Twin Peaks Girls employed in the Davie location when they worked as servers.

114.    Defendants used the tips earned by Plaintiff and similarly situated Twin Peaks Girls employed at the Davie location to offset the federal minimum wages owed each hour.

115.    However, Defendants failed to sufficiently notify Plaintiff and similarly situated Twin Peaks Girls that they would be taking a tip credit against the federal minimum wages.

116.    Based upon their failure to provide sufficient notice, Defendants are not entitled to take a tip credit for the federal minimum wages owed to Plaintiff and similarly situated Twin Peaks Girls employed during the relevant time period.

117.    As a result, Plaintiff and the class members are entitled to receive the full federal minimum wage for each hour worked as a Twins Peak Girl.

118.    Defendants willfully failed to pay Plaintiff and the class members the full minimum wage for one or more weeks of work contrary to the FLSA.

119.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the class members have been damaged in the loss of minimum wages for one or more weeks of work during the employment with Defendants.

120.    Defendants' willful and/or intentional violations of entitle Plaintiff and the class members to an additional amount of liquidated, or double, damages.

121.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, CHRISTINA MASKLEY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, DOUBLE MOUNTAIN DEVELOPMENT VENTURES, LLC, DMD RESTAURANT GROUP, LLC, and DMD FLORIDA RESTAURANT GROUP A, LLC, and award Plaintiff: (a) unliquidated minimum wages to be paid by the Defendants jointly and severally; (b) an equal amount of liquidated damages to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by the Defendants jointly and severally; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

### COUNT III – FEDERAL MINIMUM WAGE VIOLATIONS
**Arising from the Performance of Non-Tipped Duties
by Twin Peaks Girls at the Davie Location**

122.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 103 as though set forth fully herein.

123.    Plaintiff and all others similarly situated are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendants.

124.    In one or more workweeks of Plaintiff's employment, Defendants required Plaintiff and all others similarly situated to work six (6) shifts and to spend thirty (30) minutes attending a "pep rally" and 1.5 to 2 hours completing tutorials from home.  Defendants knew or should have known that Plaintiff and members of the putative class were performing this work "off-the-clock" but failed to properly compensate Plaintiff and members of the putative class for the hours spent performing this work.  This work consisted of "non-tipped" duties and responsibilities that was merely incidental to the Twin Peaks Girls' primary duties.

125.    During a six (6) hour shift, Plaintiff and the class members at the Davie location were regularly required to spend *more than* 20% of the shift performing the aforementioned "non-tipped" duties and responsibilities.

126.    After successfully completing her training period in 2019, Plaintiff and other Twin Peaks Girls were paid $5.44 for every single hour worked during shifts as a Twin Peaks Girl. Defendants took a tip credit in the amount of $3.02 per hour based on the tips received by Plaintiff during her employment in 2019.

127.    In 2020, Plaintiff and other Twin Peaks Girls were paid $5.54 for every single hour worked during shift as a Twin Peaks Girl.   Defendants took a tip credit in the amount of $3.02 per hour based on the tips received by Plaintiff during her employment in 2020.

128.    Based upon the aforementioned calculations, at least 1.5 hours out of a 6-hour shift were spent performing "non-tipped" incidental duties.  On average, no more than 4.5 hours out of the 6-hour shift were spent performing "tipped" duties.

129.    Accordingly, at least 25% of Plaintiff and the class member's shifts was spent performing "non-tipped" duties and responsibilities.

130.    As a result, Plaintiff and the class members are entitled to receive the full federal minimum wage for the 1.5 hours spent each shift performing "non-tipped" incidental duties, as opposed to the reduced "wage credit" they received when performing these incidental duties.

131.    Defendants willfully failed to pay Plaintiff and the class members the full minimum wage for one or more weeks of work contrary to the FLSA.

132.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the class members have been damaged in the loss of minimum wages for one or more weeks of work during the employment with Defendant.

133.    Defendants' willful and/or intentional violations of entitle Plaintiff and the class members to an additional amount of liquidated, or double, damages.

134.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, CHRISTINA MASKLEY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, DOUBLE MOUNTAIN DEVELOPMENT VENTURES, LLC, DMD RESTAURANT GROUP, LLC, and DMD FLORIDA RESTAURANT GROUP A, LLC, and award Plaintiff: (a) unliquidated minimum wages to be paid by the Defendants jointly and severally; (b) an equal amount of liquidated damages to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by the Defendants jointly and severally; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, CHRISTINA MASKLEY, requests and demands a trial by jury on all appropriate claims.

**Dated this 16th day of February 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on February 16, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: